UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JOSEPH LARRY MOREAU, JR.** | **CIVIL ACTION NO. 6:18-00532** |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| **ST. LANDRY PARISH FIRE DISTRICT NO. 3, ET AL.** | **MAG. JUDGE WHITEHURST** |

# RULING

This is a lawsuit filed by Plaintiff Joseph Larry Moreau, Jr. ("Moreau") against St. Landry Fire Protection District No. 3 ("District 3") and the seven individual members of the Board of Commissioners. Moreau brought suit pursuant to 42 U.S.C. § 1983, contending that his civil rights were violated because he was terminated in retaliation for exercising his First Amendment rights.

Pending before the Court is Defendant Ryan Chachere's ("Chachere") Motion for Summary Judgment [Doc. No. 21]. Chachere is a member of the Board of Commissioners and moves the Court to dismiss all claims against him because he did not attend the Board of Commissioners meeting when the members voted to terminate Moreau. Moreau has filed a memorandum in opposition [Doc. No. 23], contending that this motion is premature because discovery has not yet been conducted, and he has not been able to inquire into Chachere's contentions that he did not participate in any discussions leading up to the vote. Chachere filed a reply [Doc. No. 27], in which he argues that his participating in discussions leading up to termination as insufficient under the case law to hold him liable for Moreau's allegedly retaliatory

termination.

For the following reasons, the motion is DENIED at this time, subject to re-urging once sufficient discover has been conducted on Chachere's involvement or lack of involvement in the termination decision.

I.   **FACTS AND PROCEDURAL BACKGROUND**

On or about January 8, 2018, the Vermillion Parish School Board ("the School Board") held a meeting during which a Vermillion Parish school teacher attempted to question the members about a potential raise for the superintendent. The School Board had a police officer remove the teacher from the meeting. She was handcuffed and taken to jail.

Moreau's wife is a school teacher, and a friend of his commented on Moreau's Facebook page about the incident. Moreau responded as follows:

> [A]ll of this going on with this poor teacher being treated so unfairly makes one thing perfectly clear. . . These "boards" everywhere, ruled by good old boy politics need to be dissolved ASAP..!!   We have the same exact problem at our fire department . . . A board of clueless idiots making the decisions that affect many including the very employees that actually do the job.. It's a joke . .   [. . .]. I hope this teacher makes them pay...and pay big time.!!

[Doc. No. 1, ¶ 12].

On March 20, 2018, the Board of Commissioners voted to terminate Moreau. Chachere contends that Moreau was present at the meeting and, thus, knows that Chachere was not present and did not vote on his termination.

On or about March 21, 2018, the Board of Commissioners notified Moreau that it had terminated his employment with District 3 because of his "disparaging remarks" about the Board of Commissioners on Facebook.

2

## II. LAW AND ANALYSIS

### A. Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Liability for Actions under § 1983

Chachere contends that the Fifth Circuit has declined to extend liability in First Amendment retaliation claims beyond ultimate employment actions, such as termination. As Moreau was present at the meeting, he is aware that Chachere did not vote on his termination, and further discovery would not provide evidence to support a claim against him.

However, the Fifth Circuit has stated only that "this court has not **yet** decided whether the

3

Burlington standard for adverse employment actions also applies to First Amendment retaliation cases, *see DePree v. Saunders*, 588 F.3d 282, 288 (5th Cir.2009) (explaining that this circuit has not 'formally applied *Burlington* [*N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)] to First Amendment retaliation claims')." *Gibson v. Kilpatrick*, 734 F.3d 395, 401 (5th Cir. 2013), *cert. granted, judgment vacated on other grounds*, 134 S. Ct. 2874, 189 L. Ed. 2d 829 (2014) (emphasis added). Indeed, in *McCoy v. City of Shreveport*, 492 F. 3d 551 (5th Cir. 2007), decided shortly after the Supreme Court's *Burlington* decision, the Fifth Circuit "**assume[d] without deciding** that a reprimand **is** an adverse employment action for the purposes of a § 1983 claim." *Id.* at 561 (emphasis added). "Employer actions that can result in liability include more than just actual or constructive discharge from employment." *Sharp v. City of Houston*, 164 F.3d 923, 933 (5th Cir. 1999). "Adverse employment actions can include discharges, demotions, refusals to hire, refusals to promote, and reprimands," as well as transfers which may serve as demotions. *Id.*

Regardless, it is clear that Moreau did, in fact, suffer an adverse employment action as a result of his termination. Even if Chachere was not present for the actual vote, the Fifth Circuit has instructed: "[O]ur precedent indicates that informal decisions such as the alleged agreement among members of the Board can be 'adverse employment decisions' subject to the same protections as formal decisions." *Juarez v. Aguilar*, 666 F.3d 325, 334 (2011).

Additionally, Moreau cites the Court to Federal Rule of Civil Procedure 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

FED. R. CIV. P. 56(d). Rule 56(d) "is designed to 'safeguard non-moving parties from summary

4

judgment motions that they cannot adequately oppose.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)). Moreau properly provided the affidavit of his counsel to support his Rule 56(d) motion to deny the Chachere's motion at this time.

Under these circumstances, the Court agrees with Moreau that summary judgment is premature. While it is possible that Chachere is entitled to summary judgment once some discovery has been conducted, Moreau has the right to inquire further, so that he may properly oppose summary judgment, or even consent to Chachere's dismissal if discovery supports his contentions.

### III. CONCLUSION

For the foregoing reasons, Chachere's Motion for Summary Judgment [Doc. No. 21] is DENIED at this time, subject to re-urging once appropriate discovery has been conducted.

MONROE, LOUISIANA, this 7th day of December, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE