# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **JOSEPH LARRY MOREAU, JR.** | **CIVIL ACTION NO. 6:18-00532** |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| **ST. LANDRY PARISH FIRE DISTRICT NO. 3, ET AL.** | **MAG. JUDGE WHITEHURST** |

## RULING

This is a lawsuit filed by Plaintiff Joseph Larry Moreau, Jr. ("Moreau") against St. Landry Fire Protection District No. 3 ("District 3") and the seven individual members of the Board of Commissioners. Moreau brought suit pursuant to 42 U.S.C. § 1983, contending that his civil rights were violated because he was terminated in retaliation for exercising his First Amendment rights.

On November 9, 2018, Defendant Ryan Chachere's ("Chachere") filed a Motion for Summary Judgment [Doc. No. 21]. Chachere, a member of the Board of Commissioners, moved the Court to dismiss all claims against him because he did not attend the Board of Commissioners meeting when the members voted to terminate Moreau. Moreau opposed the Motion for Summary Judgment by filing an affidavit under Fed. R. Civ. P. 56(d). [Doc. No. 23]. The Court agreed with Moreau that summary judgment was premature and ruled as follows: "Chachere's Motion for Summary Judgment [Doc. No. 21] is DENIED at this time, subject to re-urging once appropriate discovery has been conducted." [Doc. No. 30, p. 5].

On July 3, 2019, Chachere filed the pending Motion for Summary Judgment [Doc. No. 39]

in which he asserts that discovery has been conducted and the discovery deadline has now passed. Therefore, he re-urges his right to summary judgment.

On July 29, 2019, Moreau filed a Response to the pending Motion for Summary Judgment which states, "Plaintiff, Larry Moreau, does not oppose Defendant Ryan Chachere's Motion for Summary Judgment, R. Doc. 39". [Doc. No. 52].

## I. FACTS AND PROCEDURAL BACKGROUND

On or about January 8, 2018, the Vermillion Parish School Board ("the School Board") held a meeting during which a Vermillion Parish school teacher attempted to question the members about a potential raise for the superintendent. The School Board had a police officer remove the teacher from the meeting. She was handcuffed and taken to jail.

Moreau's wife is a school teacher, and a friend of his commented on Moreau's Facebook page about the incident. Moreau responded as follows:

> [A]ll of this going on with this poor teacher being treated so unfairly makes one thing perfectly clear... These "boards" everywhere, ruled by good old boy politics need to be dissolved ASAP..!! We have the same exact problem at our fire department . . . A board of clueless idiots making the decisions that affect many including the very employees that actually do the job.. It's a joke . . [. . .]. I hope this teacher makes them pay...and pay big time.!!

[Doc. No. 1, ¶ 12].

On March 20, 2018, the Board of Commissioners voted to terminate Moreau. On or about March 21, 2018, the Board of Commissioners notified Moreau that it had terminated his employment with District 3 because of his "disparaging remarks" about the Board of Commissioners on Facebook.

Chachere contends that Moreau was present at the meeting and, thus, knows that Chachere was not present and did not vote on his termination. Chachere further contends that he was unable

to attend the March 20, 2018 meeting due to the death of a friend's father; that prior to the meeting he did not speak with anybody about participating in the deliberation regarding Moreau's discipline; that he did not talk to anybody about what disciplinary action, if any, should be taken against Moreau; that he in no way participated in the decision to terminate Moreau; and after the meeting he did not speak to any of the other BOC members regarding their termination of Moreau or their reasons for doing so.

## II.  LAW AND ANALYSIS

### A.  Summary Judgment

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial.  *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  The nonmoving party must show more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.  *Anderson*, 477 U.S. at 255.

**B.     Liability**

To establish a prima facie First Amendment retaliation claim, plaintiff must show, inter alia, that he suffered an adverse employment action and that the adverse employment action was motivated by speech which is protected under the First Amendment. *Harris v. Victoria Independent School District*,168 F.3d 216, 220 (5th Cir. 1999). In the case of individual defendants, this means that plaintiff must show that the individual defendant took adverse employment action against him. See e.g., *Angel v. La Joya Indep. Sch. Dist*., 717 F. App'x 372, 377 (5th Cir. 2017). Informal decisions such as an agreement among members of a Board can be adverse employment decisions.   *Juarez v. Aguilar*, 666 F.3d 325, 334 (5thCir. 2011).

In order to establish a §1983 procedural due process claim, plaintiff must show: (1) that he was deprived of a property interest protected by the Fourteenth Amendment, and (2) that the process attendant to the deprivation was constitutionally deficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, (1989); 667 F.3d 591, 601 (5th Cir.2012). In this employment case, Moreau's alleged protected property interest is in his civil service employment at District 3. His procedural due process claim, therefore, also revolves around the adverse employment action that District 3's BOC took against him.

It is undisputed that Chachere was not present at the March 20, 2018 meeting and did not vote to terminate Moreau. He did not enter into any agreements regarding, or even discuss, possible disciplinary action against Moreau. Chachere did not know that Moreau was the subject of any investigation request nor did he know any of the underlying factual details. Under these undisputed facts, Moreau cannot establish the elements of his First Amendment and procedural due process claims as to Chachere.

4

Accordingly, Chachere is entitled to summary judgment under Fed. R. Civ.P. 56.

**III. CONCLUSION**

For the foregoing reasons, Chachere's Motion for Summary Judgment [Doc. No. 39] is GRANTED. Moreau's claims against Chachere are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 31st day of July, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE