UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JOSEPH LARRY MOREAU, JR.** | **CIVIL ACTION NO. 6:18-00532** |
| **VERSUS** | **JUDGE TERRY DOUGHTY** |
| **ST. LANDRY PARISH FIRE DISTRICT NO. 3, ET AL.** | **MAG. JUDGE WHITEHURST** |

## RULING

This is a lawsuit filed by Plaintiff Joseph Larry Moreau, Jr. ("Moreau") against St. Landry Fire Protection District No. 3 ("District 3") and the seven individual members of the Board of Commissioners. Moreau brought suit pursuant to 42 U.S.C. § 1983, contending that his civil rights were violated because he was terminated in retaliation for exercising his First Amendment rights.

Pending before the Court are several motions. Among those motions is Defendants' Motion for Summary Judgment [Doc. No. 43]. Defendants move the Court to dismiss all claims against them. In response to this motion, Moreau filed a Motion to Strike [Doc. No. 60]. Moreau moves the Court to strike from the record "all evidence of, and all argument related to, the written exchange between Moreau and his ex-sister-in-law, Candice Elkins, the secretary of the St. Landry Parish Fire District No. 3's Board of Commissioners." *Id.*

Defendants filed a Memorandum in Opposition to the Motion to Strike [Doc. No. 76].

Moreau filed a reply memorandum [Doc. No. 80].

For the following reasons, the Motion to Strike is DENIED.

I.  **FACTS AND PROCEDURAL BACKGROUND**

On or about January 8, 2018, the Vermillion Parish School Board ("the School Board") held a meeting during which a Vermillion Parish school teacher attempted to question the members about a potential raise for the superintendent. The School Board had a police officer remove the teacher from the meeting. She was handcuffed and taken to jail.

Moreau's wife is a school teacher, and a friend of his commented on Moreau's Facebook page about the incident. Moreau responded as follows:

> [A]ll of this going on with this poor teacher being treated so unfairly makes one thing perfectly clear. . . These "boards" everywhere, ruled by good old boy politics need to be dissolved ASAP..!! We have the same exact problem at our fire department . . . A board of clueless idiots making the decisions that affect many including the very employees that actually do the job.. It's a joke . .  [. . .]. I hope this teacher makes them pay...and pay big time.!!

[Doc. No. 1, ¶ 12].

Two days later, on January 12, 2018, Candice Elkins ("Elkins") saw the comment and responded to it stating " . . . that FD3 Board of clueless idiots is about to begin fighting for a favorable outcome on that millage on March 24th . . . I'd say in the last year that board has made quite a bit of progress!" [Doc. No. 43-1, p. 4, Moreau Depo., Exh. A, pp. 54-55; Exh. LM-17 to Moreau Depo.]. Moreau deleted his comment from Facebook.

Additionally, after Elkins' initial comment, Moreua initiated a private Facebook message exchange with her. [Doc. No. 43-1, p. 4, Moreau Depo., Exh. A, pp. 70-79, 82-88; Exh. LM-18 to Moreau Depo.].

At the time of the Facebook comment and messages, Moreau was employed by District 3 in the classified civil service position of Fire Captain.

Elkins made a complaint about the comments to Chief Rabalais, who requested authority

from the Board of Commissioners to open two employee disciplinary investigations. He did not provide details, but the Board of Commissioners gave its approval.

On January 23, 2018, Chief Rabalais notified Moreau in writing that he was being investigated. Subsequent to the investigation, a pre-disciplinary hearing was set for March 20, 2018. Chief Rabalais did not provide copies of the private Facebook messages, but Elkins provided them to the Board of Commissioners during the hearing.

On March 20, 2018, the Board of Commissioners voted to terminate Moreau.

On or about March 21, 2018, the Board of Commissioners notified Moreau that it had terminated his employment with District 3 because of his "disparaging remarks" about the Board of Commissioners on Facebook.

Moreau filed this action on April 19, 2018.

On July 12, 2019, Defendants filed a Motion for Summary Judgment and attached exhibits, including the Facebook comments and private exchanges between Elkins and Moreau.

On August 5, 2019, Moreau filed the instant Motion to Strike.

On August 15, 2019, Defendants filed a Memorandum in Opposition.

On August 23, 2019, Moreau filed a reply memorandum.

The motion is now ripe.

## II.  LAW AND ANALYSIS

Moreau moves the Court to strike the so-called Moreau-Elkins exchange. Moreau contends that the Court should not consider this exchange because

> Defendants did not notify Moreau that his discussion with Elkins violated the social media policy. They did not open an investigation into this speech. They did not notify Moreau that this speech violated the social media policy. They did not fire Moreau because of this speech. Nor did they raise this speech in their

3

Answers as a defense to Moreau's claim. [Doc. No. 60, p. 1]. Moreau, therefore, moves to strike all evidence of and all argument related to the private Facebook exchange between Moreau and Elkins under Federal Rule of Civil Procedure 12(f).

Defendants respond that Moreau relies on the wrong standard. Regardless, Defendants contend that the evidence should be considered by the Court because Moreau injected the messages in the disciplinary proceedings against him, and the Board of Commissioners had and considered the messages prior to terminating him. Defendants argue further that the messages are relevant to context and content of Moreau's speech and to the issue of dishonesty and the reason for his termination. Finally, Defendants argue that the relevance substantially outweighs any prejudice to Moreau.

Moreau replies to Defendants' opposition that the Court is not constrained by the cited rule, and that his motion is proper. Moreau argues further that Defendants are bound by their prior "admission" that they terminated his employment because of the Facebook post in "legally-mandated writings" and, thus, they are "judicially estopped" from contending otherwise. Moreau contends, finally, that Defendants' context and content argument is "completely disordered."

First, Defendants are correct that Rule 12(f) is inapplicable. Rule 12(f) authorizes the Court to strike "from any **pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Motions to strike should be made either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.* A court may strike an insufficient pleading

on its own initiative at any time. *See* Fed. R. Civ. P. 12(f)(1). Evidence submitted in support of a motion for summary judgment does not constitute a pleading, and, therefore, Rule 12(f) is inapplicable. *See Pilgrim v. Trs. of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997), abrogated on other grounds by *Crowley v. L.L. Bean, Inc.*, 303 F.3d 387 (1st Cir. 2002); *Claridy v. The City of Lake City*, No. 3:13-CV-558-J-39PDB, 2014 WL 12656605, at *1 (M.D. Fla. Oct. 24, 2014) ("As a threshold matter, a motion to strike is not the appropriate vehicle for challenging the admissibility of evidence submitted in connection with a motion for summary judgment."); *Shah v. Chertoff*, 2007 WL 2948362 at *5 (N.D. Tex. Oct. 10, 2007) ("Rule 12(f) . . . does not apply to the instant situation because evidence submitted in support of a Rule 56 motion for summary judgment is not considered a motion or pleading for purposes of Rule 12.").[1]

Moreau does not seek to challenge defenses or statements in an insufficient pleading. Rather, he seeks to object to evidence in support of Defendants' Motion for Summary Judgment. Under Federal Rule of Civil Procedure 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

In this case, the heart of Moreau's challenge is relevancy. He objects that the Court should not consider this Facebook exchange (and that it should not be admitted at trial) because it was not the basis of the Board of Commissioner's decision and cannot not be considered after the fact.

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

---

[1] Although parties sometimes refer to a "motion to strike" testimony, evidence, or affidavits, such motions are actually an objection to the contested material, not a motion to strike under Rule 12(f).

This is not a civil service appeal. In this case, Moreau has two claims related to this motion: that he was terminated in violation of the First Amendment for exercising his free speech rights and that he was denied procedural due process.

A plaintiff who asserts a First Amendment free-speech retaliation claim in the employment context must establish four elements: "(1) [he] suffered an adverse employment decision, (2) [his] speech involved a matter of public concern, (3) [his] interest in speaking outweighed the governmental defendant's interest in promoting efficiency, and (4) the protected speech motivated the defendant's conduct." *Kinney v. Weaver*, 367 F.3d 337, 356 (5th Cir.2004) (en banc) (citing *Lukan v. N. Forest ISD*, 183 F.3d 342, 346 (5th Cir. 1999)).[2] Defendants contend that Moreau cannot meet his *prima facie* burden because his speech was a matter of private, not public, concern. If an employee did not speak on a matter of public concern, then "'the employee has no First Amendment cause of action based on his or her employer's reaction to the speech.'" *Lane v. Franks*, 573 U.S. 228, 237 (2014) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)).

To determine whether there are genuine issues of material fact for trial whether Moreau's speech was private or public, the Court must evaluate the context, form, and content of Moreau's speech. Contrary to Moreau's arguments, the Court may consider the private messages when such messages were provided to the Board of Commissioners prior to his termination, and where they do provide evidence of the context of the post itself. "Whether an employee's speech

---

[2]"If the plaintiff carries this burden, then the defendant must show, by a preponderance of the evidence, that it would have taken the same action against the plaintiff even in the absence of the protected conduct." *Lukan*, 183 F.3d at 346 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 283-87 (1977); *Brady v. Houston Indep. Sch. Dist*., 113 F.3d 1419, 1423 (5th Cir.1997)). Finally, a plaintiff can rebut the defendant's showing with evidence that its "ostensible explanation for the discharge is merely pretextual." *Coughlin v. Lee*, 946 F.2d 1152, 1157 (5th Cir. 1991).

addresses a matter of public concern must be determined by the *content, form*, and *context* of a given statement, as revealed by the whole record." *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 186 (5th Cir. 2005) (citing *Connick v. Myers*, 461 U.S. 138, 147–48 (1983) (emphasis added)). The requirements under Louisiana's Civil Service Law simply do not control. Supreme Court and Fifth Circuit law on First Amendment claims do, and under that precedent this Court may consider the evidence.

The Court finds that the Moreau-Elkins exchange is also relevant to Moreau's procedural due process claim. To establish a procedural due process claims, Moreau must demonstrate that he was deprived of a liberty or property interest protected by the Fourteenth Amendment, and that the process "'relative to that deprivation'" was constitutionally deficient. *Wilson v. Birnberg*, 667 F.3d 591, 601 (5th Cir. 2012) (quoting *Welch v. Thompson*, 20 F.3d 636, 639 (5th Cir.1994)). The Louisiana Constitution and Civil Service law are relevant to this inquiry because property interests do not derive from the United States Constitution, but are "grounded in state law." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005) (internal quotation marks omitted). It is undisputed that Moreau had a property interest in continued employment as provided by the Louisiana Constitution and Civil Service Law, and, thus, he is entitled to procedural due process. Outside of that determination, however, state law is again irrelevant, or, at best, merely persuasive. The Court looks to federal constitutional law to determine if there are genuine issues of material fact for trial whether Defendants provided Moreau with the required procedural due process.

While neither Moreau nor Chief Rabalais provided the Facebook private message exchange between Moreau and Elkins to the Board of Commissioners, Elkins gave a copy of the

7

exchange to each Commissioner prior to the start of the hearing. Therefore, contrary to Moreau's argument, the facts show that those messages were available to the Board of Commissioners prior to their decision and are part of the evidence that the Court must examine to determine whether summary judgment should or should not be rendered on this claim, as well.

Accordingly, for these reasons, the Court finds that Defendants' evidence of the Moreau-Elkins private message exchange is relevant, and the Court will not exclude this evidence. The Court will, however, consider Moreau's arguments as to the effect (or lack of effect) of such evidence in ruling on the Motion for Summary Judgment [Doc. No. 43].

## III. CONCLUSION

For the foregoing reasons, Moreau's Motion to Strike [Doc. No. 60] is DENIED.

MONROE, LOUISIANA, this 23rd day of August, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE